BREAUX, C. J.
Plaintiff is appellant from a judgment pronounced against him on his demand. This demand was for $3,000.
1-Ie was run over by defendant’s wagon near the intersection of Royal and Frenchman streets. Wounds were thereby inflicted on his head, left hand, left arm, and left shoulder. The accident happened about 6 o’clock on the morning of a clear day in August, 1902.
Plaintiff alleges, in substance, that defendant was at fault, and that he, plaintiff, was not; that his conduct in no manner contributed to bring on the accident. ..
Defendant, in answer to this demand of plaintiff, makes the admission that he is the owner of the mule and wagon referred to in plaintiff’s petition, and that the driver of the wagon was in his employ. In all other respects he denies the allegations of plaintiff.
The issues are mainly of fact.
Plaintiff, who is a witness in his own behalf, is an aged man of about 82 years. 1-Ie states, as a witness, that he did not seethe wagon before the mule by which it was pulled struck him and knocked him down that he was on the river side of the street, walking towards the wood side; he had a medium-size basket, containing three loaves, of bread, on his left arm.
Plaintiff said, as a witness, that he saw nothing before the mule struck him. I-Ic was in the middle of the street at the time,, attempting to cross. That he stopped and looked up and down the street before he made the attempt to cross, and then looked up and down the street when he was about three or four feet from the track on which-the wagon was running.
The wagon was coming up, at the time of the accident, at an ordinary gait — the ordinary trot. One witness for plaintiff, who-was standing near by, and says he saw the accident, states that the driver could not tell whether he (plaintiff) was going to get on the track or not.
Only two witnesses for plaintiff, other than himself, saw the accident. These two,, in substance, agree in the statement that the driver did not appear to them to be at fault, and that plaintiff came on the track *1053 in such a manner that it is quite possible that the driver did not see him at all.
The driver himself and the young boy sitting in front of the wagon, witnesses for defendant, have testified to about the same effect.
There is testimony before us referring to plaintiff as having come in contact with the front wheel, by which he was thrown down, and that he did not come in contact with the head of the mule at all.
One of plaintiff’s witnesses is not always consistent in his statement as to whether plaintiff came in contact with the mule first in front of the wagon, or with the side of the wagon after the mule had passed. The following is a question propounded to him, and his answer:
“When you say that possibly he did not see him, don’t you mean it is because the whole accident was caused by the rear part of the wagon ?
“A. No, the front wheel.”
The other witness is positive in his testimony that plaintiff came in contact with the wheel of the wagon. This is of importance, for, if plaintiff came in contact in front of the mule, the driver would have to explain why he did not see plaintiff.
The two witnesses for defendant who saw the accident state that plaintiff fell after his fall against the wagon. One of plaintiff’s witnesses is not always clear on the subject. The other agrees with the statement of defendant’s witnesses. The judge of the district court, who saw and heard the witnesses, held for defendant.
We are informed by the testimony that plaintiff is a well-preserved man for his age; that he is above the ^ordinary; that he is even extraordinarily preserved.
It is unfortunate that men of all ages are sometimes slightly absent-minded and unwittingly expose themselves. In this instance it does not appear to us that plaintiff attempted to cross, although the mule’s head was near him.
While it is true that it cannot be expected of pedestrians that they should look and listen — although plaintiff testifies that he did look and listen — at the same time they should not unnecessarily expose themselves by attempting to cross the street almost immediately in front of an advancing mule and wagon.
The idea that he looked up and down the street is inconsistent with the idea that this wagon was so dangerously near to him when he attempted to cross.
Unquestionably, those who drive in the street should drive carefully. On the other hand, it devolves upon the pedestrian to exercise some care in crossing the street.
Foot travelers should not attempt to cross a thoroughfare, ahead of a vehicle of any kind, upon a nice calculation of chances of injuries. Elliott, Roads & Streets (2d Ed.)- § 835.
Persons of mature age, children, and the-infirm may assume that a wagon will not be driven at a dangerous speed. If a wagon is driven at a dangerous speed and they are injured, owing to the neglect of the driver, of course the owner is liable. But in the case before us we have not found that the gait at which the wagon was driven was. other than the ordinary, nor have we found that the driver had the least cause to anticipate that plaintiff would suddenly come before the mule in the attempt to cross.
A driver must drive carefully, and exercise such prudence as the service in which he is employed will allow. 1-Ie cannot, however, be expected to be prepared to stop suddenly when a footman suddenly and imprudently steps in front of his wagon. But here the case is stronger, for it appears that the plaintiff came in collision with the side of the wagon.
Plaintiff complains because the driver did not stop his wagon immediately after the accident. The testimony of one of plaintiff’s witnesses, who was an employs of defendant, and happened to he near when the acci *1055 dent occurred (the witness Noonan), who assisted in taking care of plaintiff after his fall, is that he informed the driver that he could drive on, as the plaintiff was not dangerously injured.
The argument of learned counsel for plaintiff is also directed against defendant, on the ground that the driver did not inform his employer of this accident at the time. The driver, as a witness, states that he was under the impression that plaintiff was not badly hurt, having been so informed by Noonan, and it was only after this suit was brought against his employer that he considered it his duty to inform his employer.
He was unquestionably reprehensively slow in conveying to his employer knowledge of the accident with which he had met. Such tardiness of the servant in reporting the accident is highly censurable. None the less, it will not afford grounds sufficient to allow damages, as the other facts of the case are not conclusive enough to sustain the complaint made by plaintiff sufficient to set aside the judgment appealed from.
For reasons assigned, the judgment appealed from is affirmed.
MONROE and PROVOSTY, JX, dissent.